#1598187 1030-20547

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF DANOS DEEPWATER, L.L.C. AS OWNER OF THE OLIVIA RAE AND REC MARINE LOGISTICS, LLC, GULF OFFSHORE LOGISTICS, LLC AND GOL, LLC AS ALLEGED OWNER PRO HAC VICE AND OPERATOR OF THE OLIVIA RAE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO: 19-CV-13626 c/w 20-1161**<br><br>**DISTRICT JUDGE: MARY ANN LEMMON**<br><br>**MAGISTRATE JUDGE: DANA DOUGLAS**<br><br>**APPLIES TO ALL CASES** |

**OPPOSITION TO CLAIMANT'S MOTIONS IN LIMINE TO LIMIT THE TESTIMONY OF LIABILITY EXPERT, MARC FAZIOLI**

**MAY IT PLEASE THE COURT:**

Petitioners, REC Marine Logistics, LLC, Danos Deepwater, L.L.C., Gulf Offshore Logistics, LLC and GOL, LLC (hereinafter "Petitioners"), respectfully submit this Memorandum in Opposition to the Motions in Limine to Limit The Testimony of Petitioners' Liability Expert, Marc Fazioli based on his Original and Supplemental Reports filed by claimant, Leon Freeman (hereinafter "claimant").

Claimant's Motions seek exclusion on the purported basis that Captain Fazioli's reports are unsupported by any actual facts, an invasion of this Court's legal and factual decision-making authority, and unnecessary as this "simple" accident requires "no specialized knowledge or experience or expert testimony of any sort for the court to understand."[1] Undersigned counsel respectfully avers that the only reason Claimant now states that no expert is necessary for the Court to understand this matter is because Claimant, for whatever reason, missed the expert deadline, and now he seeks to ensure that the Petitioners' case is also limited by Claimant's mistake. Clearly,

[1] Rec. Doc. 25-1 pg. 2.

if Claimant's counsel truly believed an expert was not necessary, they would not have made last second requests to extend the discovery deadline.[2]

Claimant's Motions in Limine seek exclusion of Captain Fazioli's reports, alleging that Captain Fazioli's expert opinion and testimony will not assist the trier of fact because Captain Fazioli offers opinions as to matters of common knowledge and which are not based on any specific expertise, and further stating that Captain Fazioli's findings are merely speculation and lack any reliable methodology. Additionally, Claimant alleges that Fazioli impermissibly draws legal conclusions which are outside the scope of his expertise.

Claimant's Motions are a blatant attempt to eliminate any expert opinion and analysis concluding that Claimant's and/or his employer's own negligence and actions caused the accident in question. While this is the purported basis for the Motions in Limine, it is abundantly clear after reading Claimant's Memorandums in Support of the Motions in Limine that Claimant is merely engaging in litigation tactics to try to cover up his own failure to properly perform his duties and Claimant's counsel's failure to timely acquire an expert.

## LAW AND ARGUMENT

### 1. *Daubert* Motions are Disfavored in Bench Trials

The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the *jury*." *Hartzog v. Axxis Drilling, Inc.*, 2012 U.S. Dist. LEXIS 110427, at *1 (E.D. La. Aug. 7, 2012) (Barbier, J.) (denying *Daubert* motion in bench trial) (emphasis added). Where a case is a bench trial, the "objectives of *Daubert* are no longer implicated." *St. Joseph Abbey v. Castille*, 2011 U.S. Dist. LEXIS 59511, at *4-5 (E.D. La. June 3, 2011) (Duval, J.). As such, the U.S. 5th Circuit has stated that "[m]ost of the safeguards provided for

[2] *See* Exhibit A attached to Rec. Doc. 29.

in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (upholding admission of expert testimony in bench trial).

The motions filed by Claimant are primarily based on attacks concerning the underlying facts upon which Captain Fazioli's opinion is based. That approach is not contemplated under a *Daubert* challenge. "[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002)." *General Electric Capital Business Asset funding Corp. v. S.A.S.E. Military Ltd.*, 2004 U.S. Dist. LEXIS 30714, 2004 WL 5495590, *4 (W.D. Tex. Oct. 21, 2004). As further discussed in *General Electric Capital Business:*

> Courts should not [be] lured by arguments disguised as *Daubert* challenges that actually attack the weight of the expert testimony, not its admissibility. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hartley*, 310 F.3d at 1061 (*quoting Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001) (internal citations and quotations omitted). Therefore, challenges to the factual bases or underpinnings of an expert opinion usually go only to weight and credibility of the evidence, not admissibility. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1307 (5th Cir. 1991); *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).2004 U.S. Dist. LEXIS 30714, [WL] at *5.

As Judge Barbier noted in *Thompson v. Rowan Companies, Inc.*, 2007 U.S. Dist. LEXIS 15822, 2007 WL 724646 (E.D.La. March 6, 2007):

> . . . that purpose of [a] Daubert motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas city Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds*), citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where the district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)." ***Daubert*** requires a binary choice- admit or exclude- and a judge in a **bench trial** should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corps.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003). *Thompson*, 2007 U.S. Dist. LEXIS 15822, [WL] at *1.

The case at bar is a ***bench trial***. Thus, the objectives of ***Daubert*** are not implicated. Furthermore, "'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.' *Daubert, 509 U.S. at 596*." *Deville v. Comar Marine Corp.*, 2009 U.S. Dist. LEXIS 60018, 2009 WL 1870896 (E.D.La. June 25, 2009). Most, if not all, of Claimant's arguments as to why Captain Fazioli's testimony should be excluded go to the weight of the evidence and not its admissibility.

**2. The Facts of the Fall are not Simply Understood nor a Matter of Common Knowledge.**

Claimant can state that this was a "simple" accident all he wants, and that any lay person could understand how it happened with common knowledge; but the fact of the matter is that this was an unwitnessed, unusual accident and the only account of how the fall actually happened comes from Claimant's own self-serving, inconsistent, and, frankly, nonsensical testimony. Moreover, this accident involved a gangway allegedly "slipping" and a man falling overboard, which are not situations which lay people would possess any familiarity.

Undersigned counsel avers that the vast majority of lay people have never encountered a gangway in their life, aside from perhaps setting foot on a cruise ship, let alone seen one "slip," and an even larger majority have never experienced someone fall overboard into the water. Gangways are not common items encountered in everyday life. While they may be somewhat "simple" in their design, securing gangways and understanding their movements are not subjects that encompass "common knowledge." Gangways must be secure enough to cross yet be able to handle the movements boats and ships experience due to being on the water. Additionally, a lay person would not know the typical methods and industry standards used in securing gangways, which is precisely the role of an expert to

explain, and why Captain Fazioli's opinions as expressed in his reports should be allowed and he should be allowed to testify fully.

Moreover, Claimant cannot even consistently state how the accident occurred. In the Memorandums in Support of his Motions in Limine, Claimant describes how the fall occurred in several different ways. He stated the gangway "gave way," "fell," "slipped," "fell away from the barge," and "shifted." Perhaps, the Claimant could argue that these are just different ways of describing the same thing, but the fact of the matter is there has never been one consistent narrative of events, and a gangway "falling" vs. "shifting" paints very different pictures. The Claimant has no true, coherent explanation or account of events. He simply wants to preserve every possible way a gangway could have moved, in effect, shifting the burden of proof to the Defendant that the gangway did not move. Again, there is **no evidence** that the gangway was unsecured, moved, fell, etc. The only people who say the gangway moved at all are the Claimant himself, whose testimony is clearly self-serving, inconsistent, and nonsense, and his supervisor, Alvin Singleton, whose testimony is highly suspect as he did not report that the gangway had moved or that it was not tied off to any of the investigatory team the night of the accident, yet could miraculously remember in his deposition, two years later, that it had shifted and was not tied off.[3] Further, it is improper for the Claimant to continually refer to the gangway as unsecured when there is no basis for that assertion as that alleged fact has never been established. And, of course, it would be foolish to not mention that both Claimant and his supervisor both testified they had the responsibility to make sure the gangway was safe before crossing and did not do so.[4]

[3] *See* attached Exhibit A, Deposition of Alvin Singleton, pgs. 56-61, 92-93.
[4] *See* attached Exhibit B, Deposition of Leon Freeman, pgs. 63-65, and Exhibit C, Deposition of Alvin Singleton, pgs. 42-45.

Claimant references three cases to demonstrate that expert testimony in "similar" circumstances was excluded. Worth noting, all three cases were jury trials, so the exclusion of expert testimony was held to a different standard. Claimant knows this fact severely undermines the point he is trying to make by referencing those cases, a fact which Claimant demonstrated by changing one of the quotes from "jury" to "fact-finder"( the proper quote was "scientific, technical, or specialized testimony would not assist the jury in reaching a decision on the vessel's liability in a routine 'fall on a vessel' case such as this one…")[5,6]. Further, this very quote shows why the holding in the *Matherne* case is not applicable to this situation. This is not a typical slip and fall, as the Court found the situation in *Mathern* to be. Rather, this is an incident in which one party alleges that a large, heavy, gangway moved, after being walked over repeatedly by many people without incident, while the other parties are arguing the gangway did not move, and there are no eyewitnesses to the event. An expert is needed to fill in the blanks that exist due to the lack of eyewitnesses and the unusual nature of the incident.

Claimant's other two cases, *Arujo v. Treasure Chest Casino, LLC*[7] and *Howard v. Cal Dive Intern., Inc.*[8], both involve situations that are much more applicable to lay people, and, again, were jury trials. *Arujo* involved a fall off a ladder and *Howard* involved a slip and fall on kitchen mats. Kitchen mats and ladders are items laypersons encounter in their everyday lives. Again, laypeople do not typically encounter gangways nor have any knowledge about them, and lay people certainly do not have experiences with someone falling off a gangway. The cases cited by Claimant are inapplicable here because, foremost, they are jury trials, and second, they involve factual situations which are much more familiar to laypeople in everyday life.

---

[5] Rec. Doc. 25-1, pg 5.
[6] *Matherne v. MISR Shipping Company*, 1991 WL 99426 (E.D. La 1991).
[7] 1999 WL 219771, (E.D. La. 1999).
[8] 2011 WL 63873 (E.D. La. 2011).

**3. Captain Fazioli's Supplemental Report was Submitted within the Discovery Deadline and Does Not Prejudice the Claimant**

Claimant argues that Fazioli's supplemental report is "inexcusably tardy" and prejudicial, and therefore should not be allowed. He alleges that Captain Fazioli had the ability to inspect the vessel before the deadline, but Claimant mischaracterizes the availability of inspecting the Olivia Rae. The vessel has a demanding, unpredictable schedule as a lightering vessel, so it is difficult to schedule time for an inspection.

Moreover, Captain Fazioli took photographs and measurements which the Claimant's counsel had requested as reasons to inspect the Olivia Rae. Yet, when offered three days in which to inspect the vessel, Claimant's counsel stated they could not make it in time and would have to reschedule. Fazioli's supplemental report actually delivers information to Claimant's counsel which they requested and would not otherwise have in their possession. Further, the information contained in the supplemental report does not change or alter Fazioli's opinions. The dimensions of the Olivia Rae and the measurements taken by Captain Fazioli do not alter his analysis in any way, Claimant just does not like that it takes away an avenue to attack Captain Fazioli's testimony.

The claimant is not prejudiced in any way by the supplemental report. His counsel will still be able to depose and cross examine Captain Fazioli, as a vast amount of discovery has been allowed by agreement of counsel to take place beyond the deadline of February 26th. Further, considering the fact that the gangway involved in this accident is not available, despite undersigned's efforts to locate it, Captain Fazioli's testimony will assist the fact finder in understanding the typical dimensions, weight, and other characteristics of gangways, as well as the <u>industry standards</u> when it comes to securing gangways.

### 4. Claimant's Other Attacks on Captain Fazioli's Reports are Without Merit

There are further attacks on Captain Fazioli's reports which are meritless and do not serve as a proper basis for the Court to exclude the reports as evidence. For instance, Claimant attacks the fact that Captain Fazioli relies upon AIS navigational data in his report and does not consider the fact that smaller vessels are not required to use AIS data. Again, this fact may go to the weight of the evidence, but not the admissibility. Further, this data and Captain Fazioli's opinion on its significance could not be obtained by the Court or a lay person, and, therefore, offer assistance to the finder of fact and should not be excluded.

Claimant also refers to Captain Fazioli's opinions as "junk science" and "pseudo-science." Captain Fazioli has never represented to be a scientist nor an engineer, nor has he stated that his opinions constitute scientific evidence. Claimant states "…Mr. Fazioli essentially provides only an interpretation of facts and circumstances according to himself."[9] Claimant operates on the assumption that an expert witness must offer a reproducible, scientific experiment to have an admissable opinion, which is not contemplated by Rule 702 of the Federal Rules of Evidence. An expert can form an opinion using a combination of facts, circumstances, evidence, their experience, and their specialized knowledge, which is precisely what Captain Fazioli has done. Captain Fazioli does not have to prove his opinion on this matter through the scientific method; this is not a scholarly article. The standard of proof in civil matters are a preponderance of the evidence, not absolute, scientific proof.

Finally, Claimant attacks Fazioli's conclusion that Freeman could have avoided the alleged incident …"by actions and decisions of Mr. Freeman alone"[10] is a legal conclusion and therefore should be excluded from evidence. However, Captain Fazioli's opinion constitutes just as much

---

[9] Rec. Doc. 25-1, Pg. 8.
[10] Rec. Doc. 25-1. Pg. 9.

of a factual determination as a legal one. Captain Fazioli has specialized knowledge regarding the interplay of OSHA and United States Coast Guard regulations, and to whom they apply. Determining how the regulations properly apply in this matter are significant factual and legal questions which Captain Fazioli offers knowledge that are outside of the scope of a lay person's common knowledge. Thus, again, his testimony assists the finder of fact in a way that a lay witness could not.

## CONCLUSION

As previously stated, this matter will be tried as a bench trial, so the objectives of *Daubert* are not implicated in admitting his testimony as evidence. Any concerns about Captain Fazioli's testimony being prejudicial or unfair should be minimal considering a federal judge will be the fact finder, and Captain Fazioli will be subject to rigorous cross-examination. Further, even though the Claimant alleges Captain Fazioli's testimony is baseless, among other things, his analysis is based on ship tracking information, deposition testimony of involved persons, vessel logbooks, other related records, and physical evidence. He reviewed published industry standards, rules promulgated by regulatory authorities, marine navigation charts, local industry guidelines, and Internet resources regarding the subject of this report, all in addition to his extensive maritime experience. The situation at hand is not a typical nor simple incident, and Captain Fazioli's testimony will undoubtedly assist the trier of fact in making factual determinations regarding this case. Therefore, this Honorable Court should be able to hear and assess Captain Fazioli's opinions at trial.

Respectfully submitted,
***/s / Salvador J. Pusateri***
Salvador J. Pusateri, T.A. (#21036)
Morgan A. Gonzales (#38749)
**PUSATERI, JOHNSTON, GUILLOT**
**& GREENBAUM, LLC**

1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Morgan.Gonzales@pjgglaw.com
**ATTORNEYS FOR PETITIONERS-IN-LIMITATION, REC MARINE LOGISTICS, LLC, DANOS DEEPWATER VESSELS, LLC, GULF OFFSHORE LOGISTICS, LLC, AND GOL, LLC**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2nd day of March, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

**/s/ *Salvador J. Pusateri*______**