UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF DANOS
DEEPWATER, LLC

CIVIL ACTION

NO: 19-13626 C/W 20-1161

SECTION: "S" (3)

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that claimant, Leon Freeman's, **Motion to Exclude Petitioners' Liability Expert** (Rec. Doc. 25) is **DENIED**;

**IT IS FURTHER ORDERED** that claimant, Leon Freeman's, **Motion to Limit the Testimony of Petitioners' Liability Expert, Marc Fazioli, Based on His Supplemental Report** (Rec. Doc. 29) is **DENIED**.

### BACKGROUND

Claimant, Leon Freeman, an employee of Hydrochem, was cleaning tanks on the M/V OLIVIA RAE, a vessel owned and operated by the limitation petitioners, Danos Deepwater, LLC, Rec Marine Logistics, LLC, Gulf Offshore Logistics, LLC and GOL, LLC, when he fell from a gangway connecting the OLIVIA RAE to an adjacent barge. Freeman alleges the gangway between the two vessels shifted and fell, causing him to fall into the water between the vessels. Petitioners disagree with this version of events, contending that there is no evidence that the gangway was unsecured, moved, or fell. They point to a discrepancy in the statements of Freeman's supervisor, Alvin Singleton, who crossed the gangway prior to Freeman. In

connection with an investigation at the time of the event, Singleton originally reported that after the fall, the gangway was in the same position as when he initially crossed it. In Singleton's deposition testimony two years post-accident, he testified that the gangway had shifted.

The petitioners' expert, Mark Fazioli, identified by petitioners as an expert in safety and liability, has submitted a report and intends to testify regarding, inter alia, applicable regulations and the forces that caused the gangway to shift. Claimant seeks to exclude Fazioli's opinions at this bench trial on the grounds that they are unreliable and unnecessary. Freeman also seeks to exclude Fazioli's supplemental report as untimely.

## APPLICABLE LAW

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1) the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable principles and methods, and (3) the witness [must have] applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589.

Expert testimony is relevant if it fits the facts of the case and will "assist the trier of fact to understand or determine a fact in issue." Id. at 592. The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 509 U.S. at 592-93. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. Id. at 590. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. See Moore v.

Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998).

Rule 702 also requires that an expert be properly qualified. Generally, if there is some reasonable indication of qualifications, the court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. Rushing v. Kansas City S. Ry. Co., 185 F.3d 496 (5th Cir. 1999), superseded by statute on other grounds, as noted in Mathis v. Exxon Corp., 302 F.3d 448, 459 n.16 (5th Cir. 2002)). A witness qualified as an expert is not strictly confined to his area or practice, but may testify regarding related applications; "a lack of specialization does not affect the admissibility of the opinion, but only its weight." United States v. Wen Chyu Liu, 716 F.3d 159, 168–69 (5th Cir. 2013) (quoting Wright v. John Deere Co., 935 F.2d 1090, 1100 (10th Cir. 1991)).

"In Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000), [the Fifth Circuit] noted that the importance of the trial court's gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." Whitehouse Hotel Ltd. P'ship v. Comm'r, 615 F.3d 321, 330 (5th Cir. 2010).

## DISCUSSION

Freeman challenges petitioner's expert, Marc A. Fazioli, arguing that Fazioli's report fails to utilize reliable methodology, and that no specialized knowledge is required to determine why the gangway shifted or fell.

With respect to reliability, Freeman contends that Fazioli's report contains opinions outside the scope of his expertise, and that he did not perform any testing on the vessel or its

equipment, and thus his opinions are unsupported conjecture.

     Fazioli's report reflects that he has served as master, officer, and deckhand on vessels similar to the M/V OLIVIA RAE, and in those capacities, that he directed and carried out portable gangway deployments, both vessel-to-vessel and vessel-to-dock, on hundreds of occasions. He has also worked as a marine surveyor and safety advisor to provide advice regarding safety and regulatory compliance, and through that work is familiar with industry custom and practice for deploying and transiting a portable gangway. His testimony in this case is based on ship tracking information, deposition testimony of persons involved, vessel logbooks, related records, and physical evidence. Thus, Fazioli's opinion is not is based merely on subjective belief or unsupported speculation. Further, while Freeman takes issue with these bases for Fazioli's opinion, "[q]uestions relating to the bases and sources of an expert's opinion[,] affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact-finder's] consideration." United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996).

     With respect to Freeman's argument that expert testimony is unnecessary, the court's review of the record indicates that claimant has stated variously that prior to the unwitnessed accident, the gangway "gave way," "fell," "slipped," "fell away from the barge," and "shifted." Expert testimony may be helpful in explaining the mechanics that led to the possible shifting of the gangway in this case.

     With respect to Freeman's contention that Fazioli's February 24, 2021 supplemental report should be excluded as untimely, it appears that the delays in Fazioli's inspection of the

vessel in connection with the supplement were due to the fault of both parties. The information included in the supplemental report, namely, the dimensions of the OLIVIA RAE and measurements taken by Fazioli, do not alter Fazioli's analysis. Further, they do not prejudice claimant, especially considering that discovery deadlines have been extended by agreement of counsel. Accordingly,

**IT IS HEREBY ORDERED** that claimant, Leon Freeman's, **Motion to Exclude Petitioners' Liability Expert** (Rec. Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that claimant, Leon Freeman's, **Motion to Limit the Testimony of Petitioners' Liability Expert, Marc Fazioli, Based on His Supplemental Report** (Rec. Doc. 29) is **DENIED**.

New Orleans, Louisiana, this __24th__ day of March, 2021.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MARY ANN VIAL LEMMON
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE